70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Broderick GUY, Defendant-Appellant.
 No. 94-6615.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: SILER and DAUGHTREY, Circuit Judges; and ROSEN, District Judge.*
 
 ORDER
 
 2
 Broderick Guy, a pro se federal prisoner, appeals the sentence imposed by the district court following his guilty plea to one count of stealing firearms from a licensed dealer in violation of 18 U.S.C. Secs. 922(u), 924(i)(1), and 2. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Guy and a codefendant were indicted in July 1994 on the count described above and on one count of concealing stolen firearms in violation of 18 U.S.C. Secs. 922(j) and 924(a)(2). Guy pleaded guilty, pursuant to Fed.R.Crim.P. 11(e)(1)(A), to count one (stealing firearms) in return for a government recommendation to dismiss count two; there was no agreement as to the appropriate sentence. The district court sentenced Guy on December 2, 1994, to 24 months in prison and three years of supervised release, and ordered him to pay $1,352.52 in restitution. This sentence was based upon a total offense level of 14, which included a five-level increase for the number of firearms stolen and a three-level decrease for acceptance of responsibility, and a criminal history category of III.
 
 
 4
 Guy's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that Guy had no meritorious issues for appeal, he presented the following for review: the district court erred in increasing Guy's base offense level by five based upon the total number of firearms stolen, including those stolen by his codefendant and a juvenile. Guy was informed of his right to file a supplemental brief; however, none has been received by this court.
 
 
 5
 Upon review, we grant counsel's motion to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment because the alleged error presented on appeal is without merit.
 
 
 6
 Guy argues, as he did at sentencing, that he should be sentenced for only ten firearms, which is the number he received when the 30 were divided among the three perpetrators. If only ten firearms were attributed to him, Guy's offense level would have been increased by only three instead of five. See USSG Sec. 2K2.1(b)(1). The district court accepted the government's argument that the total number of firearms should be counted under the relevant conduct provision of the guidelines.
 
 
 7
 Relevant conduct includes conduct of others, whether or not charged as a conspiracy, if the conduct was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity that was jointly undertaken by the defendant. USSG Sec. 1B1.3, comment. (n. 2) (1994). Findings with respect to relevant conduct are reviewed for clear error, United States v. Partington, 21 F.3d 714, 717 (6th Cir.1994), and must be based upon a preponderance of the evidence. United States v. Meacham, 27 F.3d 214, 216 (6th Cir.1994).
 
 
 8
 Guy admitted at his plea proceeding that he drove the others to the gun shop for the purpose of stealing guns, that all three participated in grabbing guns and putting them in a duffle bag, and that the guns were divided after the burglary. Thus, the conduct of the others in stealing firearms was clearly foreseeable to Guy and was performed in furtherance of the jointly-undertaken criminal activity. Hence, the district court did not clearly err in attributing all 30 weapons to Guy for the purpose of sentencing and applying a five-level increase in offense level for the theft of 25 to 49 firearms.
 
 
 9
 Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on December 12, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation